

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00141-CR

**PETE GONZALES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 1999-259-C

## ABATEMENT ORDER

In November of 1999, Pete Gonzales was convicted of aggravated robbery and sentenced to 40 years in prison. He appeals the trial court's denial of his fifth[1] Motion for Forensic DNA Testing.

Gonzales complains in his second issue on appeal that the trial court erred in failing to make findings of fact and conclusions of law which would allow a meaningful review on appeal. Gonzales specifically contends that the lack of findings and

---

[1] Gonzales filed five motions but the trial court ruled on only three of those motions.

conclusions fail to provide him with meaningful insight as to why the court ruled as it did. We agree that findings are needed in this case.

At the conclusion of the hearing on Gonzales's motion, the trial court stated, "I'm gonna grant the motion." But before the court could sign an order memorializing its ruling, the State filed a motion for reconsideration. Only then did the trial court decide to deny the motion; and in that denial, the trial court did not identify the rationale for the new ruling other than to say the State's motion to reconsider and the additional post-hearing legal authority provided by the State caused him to change his mind. That additional post-hearing legal authority provided by the State and relied upon by the trial court was an unpublished opinion from the Court of Criminal Appeals that was issued after the hearing on Gonzales's motion but prior to the entry of a formal order.[2]

A court may order forensic DNA testing *only if* the court makes certain findings. *See* TEX. CODE CRIM. PROC. ANN. art 64.03(a). Although we have held that findings are required only if the trial court orders forensic DNA testing, *Birdwell v. State*, No. 10-09-00409-CR, 2011 Tex. App. Lexis 10235, *7 (Tex. App.—Waco, Dec. 28, 2011, no pet.) (mem. op.), the Court of Criminal Appeals has determined that at least findings as to what part of the statute the movant did not prove is required when such a motion is denied. *See Skinner v. State*, 122 S.W.3d 808, 809, 812 (Tex. Crim. App. 2003).

On appeal, the State again relies, at least in part, on that unpublished Court of Criminal Appeals opinion to support its argument that findings are not required in this

---

[2] The State did not inform the trial court in its motion for reconsideration that the opinion was unpublished.

case. Although the opinion may have some bearing on the necessity of findings in Chapter 64 proceedings, unpublished opinions from the Court of Criminal Appeals have no precedential value and *must not be cited as authority* by counsel or by a court. TEX. R. APP. P. 77.3 (emphasis added); *Skinner v. State*, 293 S.W.3d 196, 202 (Tex. Crim. App. 2009). Thus, we will neither discuss, nor rely on, nor cite to the unpublished opinion.

The State also relies on the Court of Criminal Appeals opinion in *Skinner* for its argument that findings are not required. *See Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003). *Skinner* is distinguishable. In *Skinner*, the trial court denied the appellant's motion for forensic DNA testing but failed to "enter determinations under article 64.03 of the Texas Code of Criminal Procedure." *Id.* at 809. The Court of Criminal Appeals remanded the appeal to the trial court with directions to enter an order containing the relevant article 64.03 determinations. *Id.* Consequently, the trial court entered an order finding that the appellant did not satisfy the requirements of article 64.03(a)(2)(A) and (a)(2)(B). *Id.* When the appellant complained on remand that the trial court's failure to provide specific findings undermined the structure of the statute, the Court of Criminal Appeals determined that because findings under article 64.03(a)(2)(A) and (a)(2)(B) are reviewed *de novo*, the trial court's findings were sufficient. *Id.* at 813.

In this case, however, we are in the same posture as the Court of Criminal Appeals was at the beginning of the opinion in *Skinner*; we have no findings whatsoever. And we cannot appropriately review whether the trial court erred in denying Gonzales's motion for forensic DNA testing without relevant findings.

Accordingly, this appeal is ABATED to the trial court to make findings regarding the relevant article 64.03 determinations within 21 days from the date of this Order. The trial court clerk is ordered to file a supplemental clerk's record containing the trial court's findings within 28 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Appeal abated
Order issued and filed June 12, 2019
RWO

